IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TEREL DARNELL DIXON | : | CIVIL ACTION |
| | : | |
| v. | : | No. 14-4511 |
| | : | |
| MICHAEL WENEROWICZ, et al. | : | |

## ORDER

AND NOW, this 26th day of January, 2015, upon careful and independent consideration

of Petitioner Terel Darnell Dixon's pro se Petition for Writ of Habeas Corpus Under 28 U.S.C.

§ 2254, and after review of the Report and Recommendation of United States Magistrate Judge

Carol Sandra Moore Wells, to which no objections have been filed,[1] it is ORDERED:

1. The Report and Recommendation (Document 5) is APPROVED and ADOPTED;

2. Dixon's Petition for Writ of Habeas Corpus shall be TRANSFERRED forthwith to the

   United States District Court for the Western District of Pennsylvania;[2]

---

[1] The Report and Recommendation was sent to all parties of record on September 10, 2014, together with a Notice from the Clerk of Court advising the parties of their obligation to file any objections within 14 days after service of the Notice. *See* Local R. Civ. P. 72.1 IV(b) ("Any party may object to a magistrate judge's proposed findings, recommendations or report under 28 U.S.C. § 636(b)(1)(B), and subsections 1(c) and (d) of this Rule within fourteen (14) days after being served with a copy thereof."). As of today's date, no objections have been filed.

[2] At the time he filed his § 2254 petition, Dixon was a prisoner at SCI-Graterford, located within the territorial jurisdiction of the United States District Court for the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(c). He is currently incarcerated at SCI-Somerset, located in the Western District of Pennsylvania. *See id.* Dixon's habeas petition pertains to his conviction for third degree murder in the Court of Common Pleas, Beaver County, which is also located within the Western District of Pennsylvania. *Id.*

    Pursuant to 28 U.S.C. 2241(d), "[w]here an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. 2241(d). Moreover, a district court in which a habeas petition is filed may "in the exercise of its discretion

3. There has been no substantial showing of the denial of a constitutional right warranting the issuance of a certificate of appealability; and

4. The Clerk of Court is DIRECTED to mark this case CLOSED.


BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

and in furtherance of justice . . . transfer the application to the other district court for hearing and determination." *Id.*

Jurisdiction in this Court was proper at the time Dixon filed his petition. *See* 28 U.S.C. 2241(d). However, the Court agrees with the Magistrate Judge's finding that the interests of justice would be best served by transferring the petition to the Western District of Pennsylvania. Dixon's petition raises ten claims, including that his guilty plea was coerced, his trial judge biased, and his counsel ineffective at various points. Because Dixon entered his guilty plea in Beaver County, presumably all state court records, transcripts of proceedings, counsel, and potential witnesses are located within the Western District. Dixon himself is now also incarcerated in the Western District. Accordingly, the Western District is the most appropriate forum for Dixon to pursue his habeas petition.